**United States District Court**

**Second Circuit of Connecticut**

| | |
|---|---|
| In Propria Persona<br>Raymond S. Bassett individually and on<br>behalf of all others similarly situated,<br>　　　　　　　　　Plaintiff, | Case No. _____ |
| vs. | **Complaint** |
| 211-Connecticut (United Way of<br>Connecticut and Unknown Agents,<br>Contractors and/or subcontractors),<br>Commissioner of Connecticut<br>Department of Health and Human<br>Services, Unknown State Actors in their<br>official and individual capacities,<br>　　　　　　　　　Defendants. | JUN 5 2025 PM3:18<br>FILED-USDC-CT-HARTFORD<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

### I.　INTRODUCTION

1.　This is a civil rights and tort-based class action complaint brought by Plaintiff, Raymond S. Bassett, proceeding in propria persona, against Defendants United Way of Connecticut (d/b/a 211 Connecticut), the Commissioner of the Connecticut Department of Social Services, and their unknown agents, contractors, and affiliates (collectively, "Defendants") for systemic violations of constitutional, statutory, and common law rights.

2.　Plaintiff alleges that Defendants have engaged in a pattern and practice of fraudulent conduct, disability discrimination, deliberate indifference to serious medical needs, denial of due process, unequal treatment under the law, and destruction of property. These acts have denied access to emergency shelter, essential public resources, and public benefits to

1

Plaintiff and similarly situated individuals—particularly individuals with disabilities or medical conditions—in violation of:

    a. The Due Process and Equal Protection Clauses of the Fourteenth Amendment;

    b. The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.;

    c. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

    d. 42 U.S.C. § 1983;

    e. Applicable Connecticut state tort law, including fraud, conversion, negligence, and intentional infliction of emotional distress.

3. These actions have caused severe harm to Plaintiff and others similarly situated, especially those with disabilities, chronic medical conditions, or experiencing economic hardship. The public-private system meant to provide urgent housing and health resources has failed in its obligations.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343, as this action arises under federal law, including 42 U.S.C. § 1983 and civil rights statutes.

5. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this claim occurred within Connecticut.

## III. PARTIES

6. Plaintiff, Raymond S. Bassett, is an individual who is currently unhoused, suffers from serious medical conditions and disabilities, and has been repeatedly denied access to emergency shelters and essential services by Defendants.

7. Defendant United Way of Connecticut, operating as 211 Connecticut, acts as a centralized intake and referral service for shelter and emergency services. Plaintiff also sues all unknown entities, partners, contractors, subcontractors, and agents involved in its administration.

8. Defendant Commissioner of the Connecticut Department of Social Services is sued in official capacity for failing to ensure lawful administration of shelter access programs and public benefit distribution.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff and others similarly situated have applied for shelter placement through 211 Connecticut but have been systematically denied access, including on arbitrary or discriminatory grounds related to disability status.

10. Plaintiff has serious medical conditions, including PTSD, that require reasonable accommodations. Defendants have shown deliberate indifference by placing him in environments known to aggravate these conditions, such as settings involving active substance use or trauma triggers.

11. Due to Defendants' misconduct, Plaintiff was denied shelter and essential public services, forcing him to sleep outdoors. As a result, his personal property was unlawfully removed and destroyed without notice or an opportunity to be heard, in violation of the Fourteenth Amendment and Connecticut law.

12. Plaintiff made good-faith efforts to seek lawful shelter and services.

13. The processes governing shelter placement and access to vital public resources are fundamentally broken and structurally unjust. From the perspective of **social systems theory**,

these programs are designed as interdependent networks—government agencies, nonprofit contractors, databases, and referral lines—that should work together to serve the needs of vulnerable populations. Yet in practice, they operate with glaring internal contradictions, communication breakdowns, and accountability gaps that result in routine harm. The system has become **self-referential and closed**, more focused on preserving bureaucratic order than actually delivering aid. Frontline workers are often unequipped, misinformed, or unwilling to make case-by-case determinations, and the appeals process is either nonexistent or so burdensome that most people give up. Instead of being adaptive and responsive—as a healthy social system would be—this one has become rigid, opaque, and dismissive of the very individuals it was built to serve. As such, it produces not resolution but **systemic failure**, where harm is not a one-time error, but a **predictable outcome** of the way the system is structured and operated. In the language of systems theory, this is not malfunction—it is a form of institutional entropy, where dysfunction reproduces itself and leaves the most vulnerable, including the disabled, homeless, and medically fragile, trapped in a cruel loop with no exit.

14. The systems governing emergency housing and public benefit access in Connecticut are deeply flawed. What should function as an interagency, public-private network instead exhibits dysfunction, opacity, and systemic neglect. Bureaucratic hurdles, lack of accountability, and poor training have turned what should be a responsive safety net into a closed system that routinely fails those in greatest need.

15. These failures result not from isolated error, but from structural breakdowns and entrenched practices. As such, they represent a form of institutional entropy—a system that perpetuates harm by design.

## V.   CLAIMS FOR RELIEF

**Count I – Violation of Due Process (42 U.S.C. § 1983)**

15. Plaintiff realleges and incorporates all preceding paragraphs.

16. Defendants, under color of state law, deprived Plaintiff and similarly situated individuals of life, liberty, and property without due process, including arbitrary denial of services and destruction of personal belongings without notice or opportunity to be heard.

17. Plaintiff seeks compensatory damages and injunctive relief.

**Count II – Disability Discrimination (ADA and Section 504)**

18. Plaintiff is a qualified individual with disabilities under the ADA and Section 504.

19. Defendants knowingly excluded Plaintiff from participation in and denied access to public programs and accommodations based on his disabilities.

20. Plaintiff seeks declaratory and injunctive relief, compensatory damages, and attorneys' fees where applicable.

**Count III – Deliberate Indifference to Serious Medical Needs (Fourteenth Amendment / § 1983)**

21. Plaintiff has diagnosed mental and physical health conditions requiring accommodation.

22. Defendants were aware of these needs yet placed him in environments likely to cause harm and failed to provide safe alternatives.

23. This constituted deliberate indifference under the Fourteenth Amendment.

24. Plaintiff seeks compensatory and punitive damages.

**Count IV – Violation of Property Rights and Due Process (42 U.S.C. § 1983)**

25. Defendants unlawfully seized and destroyed Plaintiff's property without notice or justification.

26. This violated Plaintiff's Fourth and Fourteenth Amendment rights, and rights under Connecticut law.

27. Plaintiff seeks declaratory judgment, compensatory damages, and injunctive relief.

**Count V – State Law Claims: Fraud, Negligence, Conversion, and Intentional Infliction of Emotional Distress**

28. Plaintiff incorporates the preceding paragraphs.

29. Defendants engaged in knowing misrepresentation, failure to provide care owed to Plaintiff, unlawful conversion of property, and acts that were extreme and outrageous in violation of state tort law.

30. Plaintiff seeks compensatory and punitive damages.

### VI.   CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of himself and all others similarly situated who have been denied emergency services and shelter due to the systemic deficiencies described herein.

32. Plaintiff seeks class certification pursuant to Federal Rule of Civil Procedure 23 and respectfully requests the appointment of counsel to represent the class.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    Certify this case as a class action under Federal Rule of Civil Procedure 23;

    B.    Appoint qualified counsel to represent the class;

    C.    Declare that Defendants' conduct violated the constitutional and statutory rights of Plaintiff and the class;

    D.    Enjoin Defendants from continuing their discriminatory and unlawful practices;

    E.    Award compensatory and punitive damages to Plaintiff and the class;

    F.    Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

    G.    Grant such other and further relief as the Court deems just and proper.

## VIII.     DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this __5__ day of __JUNE__, 2025.

 

_____
Raymond S. Bassett
In Propria Persona
60 Gold Street
Hartford, CT 06103
rsbassett9@gmail.com
(959) 236-757